UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

IAN CESPEDES, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

UNIVERSAL SCRAP MOTORS INC., a Florida Corporation,
UNIVERSAL HAULING SERVICES LLC, a Florida Limited
Liability Company, and ANGEL PENA BALMACEDA,
individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, IAN CESPEDES (hereinafter referred to as "Plaintiff" and "CESPEDES"), is an individual residing in Miami-Dade County, Florida.

2. At all times material to this Complaint, Defendants, UNIVERSAL SCRAP MOTORS INC., a Florida Corporation, UNIVERSAL HAULING SERVICES LLC, a Florida Limited Liability Company, and ANGEL PENA BALMACEDA, individually (collectively referred to as "Defendants"), have owned and operated, *inter alia*, a scrap metal and hauling business based at 3259-3260 NW 28th Street Miami, Florida, 33142 in Miami-Dade County, Florida within the jurisdiction of the Court.

3. At all times material to this Complaint, Defendants, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of

Plaintiff and the other employees similarly situated to him. Alternately, Defendants, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff and the other similarly situated employees because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff and the others similarly situated to him. As a second alternative, Defendants, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and the other similarly situated employees because Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the others similarly situated to him. As a final alternative, Defendants, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and the other similarly situated employees at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the others similarly situated to him.

4.     Defendant, ANGEL PENA BALMACEDA, at all times material to this Complaint owned and managed UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC, and ANGEL PENA BALMACEDA regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the

finances and day-to-day management operations of UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC.  By virtue of such control and authority, ANGEL PENA BALMACEDA is an employer of Plaintiff and the other similarly situated employees as defined by the FLSA, 29 U.S.C. §203(d).

5. At all times material to this Complaint, CESPEDES was an employee of Defendants within the meaning of the law and Plaintiff brings this action on behalf of himself[1] and other current and former employees of Defendants similarly situated to Plaintiff for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged Tax Fraud violations under 26 U.S.C. §7434.

6. In approximately March 2019, Defendants hired CESPEDES to perform work non-exempt work in Defendants' scrap metal and hauling business based at 3259-3260 NW 28th Street Miami, Florida, 33142, with Plaintiff carrying out duties for Defendants between approximately March 2019 and April 2020 in Miami-Dade County and across multiple Counties throughout Florida including as far away as DeSoto County, Florida.

7. At all times material to this Complaint, CESPEDES was an employee of Defendants, UNIVERSAL SCRAP MOTORS INC., UNIVERSAL HAULING SERVICES LLC, and ANGEL PENA BALMACEDA, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

8. In connection with the work CESPEDES performed for Defendants, UNIVERSAL SCRAP MOTORS INC., UNIVERSAL HAULING SERVICES LLC, and ANGEL PENA BALMACEDA, between approximately March 2019 and April 2020 and the compensation Plaintiff was paid by Defendants, while Defendants issued CESPEDES an IRS Form 1099 for the

---

[1] Attached hereto is a signed Consent to Join from IAN CESPEDES.

year 2019 through UNIVERSAL HAULING SERVICES, LLC in the amount of $42,405.00, the facts and circumstances of the work CESPEDES performed for Defendants between approximately March 2019 and April 2020 reveal and confirm that Plaintiff was an employee of Defendants under the law, not an independent contractor, including but not limited to because:

  (a) Plaintiff worked on a permanent and continuous basis carrying out non-exempt duties in Defendants' scrap metal and hauling business each week between approximately March 2019 and April 2020;
  (b) Plaintiff was wholly dependent on Defendants for earning his livelihood between approximately March 2019 and April 2020;
  (c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff between approximately March 2019 and April 2020;
  (d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants between approximately March 2019 and April 2020;
  (e) the duties Plaintiff carried out on a daily basis in Defendants' scrap metal and hauling business between approximately March 2019 and April 2020 did not require specialized skills by Plaintiff; and
  (f) Plaintiff's duties for Defendants between approximately March 2019 and April 2020 were an integral part of Defendants' scrap metal and hauling business.

9.  At all times material to this Complaint, Defendants, UNIVERSAL SCRAP MOTORS INC., UNIVERSAL HAULING SERVICES LLC, and ANGEL PENA BALMACEDA, were employers or a joint employer of CESPEDES within the meaning of the FLSA, 29 U.S.C. §203(d).

10.  Jurisdiction is conferred on this Court by 28 U.S.C. §216(b), 29 U.S.C. §1337 & §1367(a).

11.  A substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

12.  At all times material to this Complaint including but not necessarily limited to during the years 2017, 2018, 2019, and 2020, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC had two (2) or more employees who regularly sold,

handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including but not necessarily limited to the years 2017, 2018, 2019, and 2020, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC employed two (2) or more employees who, *inter alia*:  (a) regularly handled, worked with, and sold goods and materials including but not limited to scrap metal; (b) regularly handled and worked with tools and equipment such as a forklift, torches, trucks, and trailers, all of which were goods and/or materials moved in or produced for commerce; and (c) regularly processed cash, bank, and/or electronic transactions for payments by and for Defendants' customers as part of interstate commerce.

13.     Based upon information and belief, the annual ss sales volume of UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2017, 2018, 2019, and 2020.

14.     At all times material to this Complaint including but not necessarily limited to during the years 2017, 2018, 2019, and 2020, UNIVERSAL SCRAP MOTORS INC. and UNIVERSAL HAULING SERVICES LLC have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

15.     During the three (3) year statute of limitations period between approximately March 2019 and April 2020, CESPEDES' primary duties for Defendants consisted of non-exempt manual labor, repairs, and driving work for Defendants' business hauling and selling scrap metal based at 3259-3260 NW 28th Street Miami, Florida, 33142, including but not limited to Plaintiff hauling scrap metal, making mechanical repairs on Defendants' trucks, using tools/equipment (such as the

forklift) in Defendants' yard, torching metal pieces being broken down, and driving in Defendants' truck(s) from Miami to locations including but not limited to Pompano in Broward County and as far away as Arcadia in DeSoto County.

16.     During multiple work weeks between approximately March 2019 and April 2020, CESPEDES regularly worked regularly worked an average of six (6) days per week for Defendants—regularly Monday through Saturday, as well as several months during which Plaintiff regularly worked a seventh day as well (on Sundays)—with start times of approximately 7:00 a.m. and with stop times of between approximately 6:00 to 11:00 p.m., averaging a total of between approximately Seventy-Five (75) to Eighty-Five (85) hours per week.

17.     However, Defendants failed to pay time and one-half wages for all of the hours CESPEDES worked in excess of Forty (40) hours per week for Defendants between approximately March 2019 and April 2020, with Defendants instead paying Plaintiff average weekly wages of approximately $1,000.00 per week for Forty (40) hours of work per week.

18.     Likewise, based upon information and belief, Defendants have also failed to pay time and one-half wages for all of the hours worked by Defendants' other non-exempt employees, however variously titled, in one or more weeks within the three (3) year statute of limitations period between November 2017 and the present.

19.     The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt employees, however variously titled, who have worked for Defendants at any location during the three (3) year statute of limitations period between approximately November 2017 and the present being paid time and one-half wages for all of their hours worked in excess of Forty (40) hours per week.

20.     Subject to discovery, based upon Defendants owing CESPEDES an average of

between approximately Thirty Five (35) to Forty Five (45) unpaid overtime hours per week from Defendants during a total of approximately Fifty (50) work weeks between approximately March 2019 and April 2020, if Plaintiff's unpaid overtime wages are found to be due and owing on a half-time basis at rates between $5.88/hour and $6.67/hour, Plaintiff's unpaid overtime wages total between approximately **$11,666.67** and **$13,235.29** [($1,000.00/weekly wages divided by 75 hours = $13.33/hour divided by 2 = $6.67/hour/$1,000.00/85 hours = $11.76/2 = $5.88/hour x 35-45 Unpaid OT hours/week x 50 weeks = between $11,666.67 and $13,235.29], whereas if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $37.50/hour [$1,000.00/40 hours = $25.00/hour x 1.5 = $37.50/hour], Plaintiff's unpaid overtime wages total between approximately **$65,625.00 and $84,375.00** [$37.50/hour x 35-34 Unpaid OT hours/week x 50 weeks = between $65,625.00 and $84,375.00].

21. Based upon information and belief, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by CESPEDES and other similarly situated non-exempt, hourly workers, however variously titled, during each week between approximately November 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

22. Despite Defendants having knowledge of the overtime hours worked each week by CESPEDES and the other similarly situated employees, however variously titled, for the benefit of Defendants between approximately November 2017 and the present, Defendants nonetheless willfully failed to pay time and one-half wages for all overtime hours worked as required by the FLSA.

23. Based upon information and belief, the complete records reflecting the compensation Defendants actually paid to CESPEDES and other similarly situated employees each

week between November 2017 in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, IAN CESPEDES, readopts and realleges the allegations contained in Paragraphs 1 through 23 above.

24. CESPEDES is entitled to be paid time and one-half of his applicable regular rates of pay for each hour Plaintiff worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately March 2019 and April 2020.

25. All similarly situated non-exempt employees, however variously titled, of Defendants at any locations are entitled to be paid time and one-half of their applicable regular rates of pay for each hour they worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately November 2017 and the present.

26. Defendants knowingly and willfully failed to pay CESPEDES and the other non-exempt employees similarly situated to him at time and one-half of his applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between approximately November 2017 and the present.

27. At all times material to this Complaint, Defendants had constructive knowledge and/or actual notice that Defendants' compensation practices did not provide CESPEDES and the other similarly situated employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately November 2017 and the present based upon, *inter alia*: (a) Defendants' misclassifying Plaintiff and other workers as independent contractors despite the economic realities of their work demonstrating they were employees as a

matter of law; and (b) Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week.

28. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (CESPEDES and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

29. Defendants did not have a good faith basis for their failure to pay all of the overtime wages required by the FLSA for the full extent of the actual hours worked by CESPEDES and Defendants' other employees, however variously titled, in excess of Forty (40) hours per week in the work weeks between approximately November 2017 and the present, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants in an amount equal to his unpaid overtime wages from Defendants pursuant to 29 U.S.C. §216(b).

30. CESPEDES has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

WHEREFORE, Plaintiff, IAN CESPEDES, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, UNIVERSAL SCRAP MOTORS INC., UNIVERSAL HAULING SERVICES LLC, and ANGEL PENA BALMACEDA, for the payment of all unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## TAX FRAUD IN VIOLATION OF 26 U.S.C. §7434

Plaintiff, IAN CESPEDES, readopts and realleges the allegations contained in Paragraphs

1 through 23 above.

24. Despite the fact that Defendants, UNIVERSAL HAULING SERVICES LLC and ANGEL PENA BALMACEDA, had full knowledge that CESPEDES was an employee within the meaning of the law at all times between approximately March 2019 and April 2020, Defendants knowingly failed to issue Plaintiff an accurate IRS W-2 Form for the year 2019 as part of Defendants: (a) willfully avoiding their obligations to comply with applicable tax and wage & hour laws; (b) instead fraudulently issuing Plaintiff an IRS 1099 Form for the year 2019 in the amount of $42,405.00.

25. Between approximately March 2019 and April 2020, CESPEDES performed the same essential job duties on a continuous basis as a permanent, full-time employee in Defendants' scrap metal and hauling business, but Defendants, UNIVERSAL HAULING SERVICES LLC and ANGEL PENA BALMACEDA, nonetheless issued an IRS Form 1099 to CESPEDES for 2019 and reported to the Internal Revenue Service "nonemployee compensation" in the amount of $42,405.00 for 2019, all despite ANGEL PENA BALMACEDA's personal knowledge that Defendant PENA BALMACEDA set and controlled the terms of the work CESPEDES performed between approximately March 2019 and April 2020 for Defendants' scrap metal and hauling business.

26. The IRS 1099 Form and information return issued by Defendants through UNIVERSAL HAULING SERVICES LLC to CESPEDES for the year 2019 was fraudulent and known to be fraudulent by Defendants at the time the return was issued by Defendants as part of Defendants prolonged efforts to avoid Defendants' responsibility to pay applicable employment and income taxes and time and one-half wages for overtime hours worked as required by the Fair Labor Standards Act.

27. As a result of the filing of a fraudulent IRS 1099 Form and information return for the year 2019 by UNIVERSAL HAULING SERVICES LLC and ANGEL PENA BALMACEDA with respect to CESPEDES—when Defendants did not withhold and remit or pay applicable employment and income taxes in connection with the compensation paid to Plaintiff for his continuous work between approximately March 2019 and April 2020 despite Plaintiff being an "employee" as a matter of law—Plaintiff has suffered damages.

28. Pursuant to 26 U.S.C. §7434(b), CESPEDES is entitled to damages from Defendants, UNIVERSAL HAULING SERVICES LLC and ANGEL PENA BALMACEDA, for Defendants' violations of 26 U.S.C. §7434, in an amount *per violation* that is equal to the greater of (a) $5,000.00; or (b) the actual damages sustained by Plaintiff as a proximate result of Defendants' fraudulent IRS Form 1099 and W-2 information return filings for at least 2016, 2017, 2018, and 2019.

29. Pursuant to 26 U.S.C. §7434(b)(2)-(3), Plaintiff is entitled to recover his reasonable attorneys' fees and costs from UNIVERSAL HAULING SERVICES LLC and ANGEL PENA BALMACEDA under Count II of this Complaint.

WHEREFORE, Plaintiff, IAN CESPEDES, demands judgment against Defendants, jointly and severally, UNIVERSAL HAULING SERVICES LLC and ANGEL PENA BALMACEDA, for damages, attorneys' fees, and costs pursuant to 26 U.S.C. §7434.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  November 19, 2020                     Respectfully submitted,

                                By:   **KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000
                                      E-mail:  employlaw@keithstern.com

                              LAW OFFICE OF KEITH M. STERN, P.A.
                              80 S.W. 8th Street, Suite 2000
                              Miami, Florida 33130
                              Telephone:  (305) 901-1379
                              Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Universal Scrap Motors Inc., Universal Hauling Services LLC, and Angel Pena Balmaceda**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/an cespedes perez*
_____
**Ian Cespedes**