UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 20-cv-24772-BECERRA

IAN CESPEDES, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

UNIVERSAL SCRAP MOTORS INC., a Florida Corporation,
UNIVERSAL HAULING SERVICES LLC, a Florida Limited
Liability Company, and ANGEL PENA BALMACEDA,
individually,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

THIS CAUSE came before the Court following the parties Notice and Consent to proceed before the undersigned, ECF No. [26], and United States District Court Judge Jose E. Martinez' Order referring this matter to the undersigned for all further proceedings. ECF No. [29].

On November 19, 2020, Plaintiff filed his Complaint against Defendants for violating the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). ECF No. [1]. The FLSA requires judicial review and the Court's determination that the settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery

1

completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x at 351. In evaluating the reasonableness of the proposed attorney's fee recovery, the Court should also consider the possible range of the Plaintiff's recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

Here, the matter was before the Court for a settlement conference and the parties reached a settlement during the conference presided over by the Court. The settlement entered into by the parties was reviewed by the Court and its terms were entered into the record. For the reasons stated on the record, the undersigned concludes that the resolution reached, including attorneys' fees and costs, is a fair and reasonable compromise of the Plaintiff's' FLSA claims.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Parties' Settlement Agreement is **APPROVED**. It is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall close this case. It is further

**ORDERED AND ADJUDGED** that this matter is hereby dismissed with prejudice and all pending motions are denied as moot, subject to the Court's retention of jurisdiction to enforce the Settlement Agreement, as set forth above in this Order. It is further

**ORDERED AND ADJUDGED** that the Court retains jurisdiction to enforce the terms of the Settlement Agreement.

The Clerk of the Court is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida on March 17, 2021.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**